UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CRAIG YATES | C 08-00737 JCS |
| Plaintiff (s) | SCHEDULING ORDER FOR CASES ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT TITLE III (42 U.S.C. §§ 12181- 89) |
| v. | |
| BURGER KING | |
| Defendant(s). | |

     IT IS HEREBY ORDERED that this action is assigned to the Honorable **Joseph C. Spero**. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders. This case is otherwise exempt from Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

### CASE SCHEDULE

| Date | Event | Rule(s) |
| --- | --- | --- |
| **1/31/2008** | **Complaint filed** | |
| **3/31/2008** | **Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline** | **General Order 56; Civil Local Rule 7-11** |
| **7 days before Joint Site Inspection** | **Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of subject premises** | **FRCivP 26(a); General Order 56 ¶2;** |
| **5/12/2008** | **Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement** | **General Order 56 ¶3,4;** |
| **10 business days after Joint Site Inspection** | **Last day for parties to meet and confer in person to discuss settlement** | **General Order 56 ¶4;** |
| **45 days after Joint Site Inspection** | **Last day for plaintiff to file "Notice of Need for Mediation"** | **General Order 56 ¶6;** |
| **7 calendar days after mediation** | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | **General Order 56 ¶7; Civil Local Rule 7-11** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br>v.<br><br>Defendant(s).<br>_____/ | No.<br><br>**CASE MANAGEMENT<br>CONFERENCE ORDER**<br><br>[ALL CASES] |

IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Joseph C. Spero on _____, at 1:30 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

1. Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk of this Court.

2. Counsel are directed to confer in advance of the Case Management Conference with respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below. Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference Statement in compliance with Local Rule 16-9. In addition, the Joint Case Management Conference Statement shall address each agenda item listed below. Failure to file a Joint Case Management Conference Statement, without good cause, may subject a party to sanctions.

3. Each party shall be represented at the Case Management Conference by counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4. Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

5. The parties should be prepared to address and resolve at the Case Management Conference the matters set forth in Fed. R. Civ. P. 16(b) and (c).

6. Other agenda matters which the Court will address at the Case Management Conference include the following:

 a) The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue;

 b) The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims;

 c) Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

 d) Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment;

 e) A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

 f) A description of all pending motions and their current status;

 g) A description of all motions expected before trial;

 h) The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings;

 i) The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

      j)      The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

      k)      The extent to which any special discovery or other problems or issues have arisen or are expected;

      l)      Proposed deadlines and court dates, including trial date;

      m)      The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded;

      n)      What damages and other relief are sought and what method is used to compute such damages;

      o)      ADR efforts to date and a specific ADR plan for the case;

      p)      The extent to which a special master should be involved in the case;

      q)      A service list for all counsel that includes telephone and fax numbers; and

      r)      Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

7. As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

8. Motions for summary judgment shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the parties contends are undisputed. A party who, without substantial justification, contends that a fact is in dispute is subject to sanctions.

9.  The remainder of this order will apply to all discovery in this action.  For good cause, the parties are invited to propose any modifications in their joint case management statement.  Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and the local rules.

10.  Counsel shall contact Judge Spero jointly by telephone before filing any discovery motions.  If the Court determines that a formal discovery motion should be filed, counsel are directed to follow the procedures outlined in the Civil Local Rules and in this Order, unless otherwise specified at the time of the telephonic conference.

11.  Discovery motions may be addressed to the Court in three ways.  A motion may be noticed on not less than 35 days notice pursuant to Civil L.R. 7-2.  Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief.  In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b).  In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).  The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate.  A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers.  The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

12.  In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist.  It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

13.  In searching for responsive materials in connection with Fed. R.Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files,

emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

16. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seekin/g the deposition.

17. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the

statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

18. Failure to comply with this Order or the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: January 30, 2001

_____
JOSEPH C. SPERO
United States Magistrate Judge

**STANDING ORDER**

1.    Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3.    In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4.    Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5.    Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts and the final positions of each

1  party shall be included in the moving papers.  The Court will not consider discovery motions unless the
2  moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-10(a).

4        6.     In all "e-filing" cases, when filing papers in connection with any motion for
5  determination by a judge, the parties shall, in addition to filing papers electronically, lodge with
6  chambers a printed copy of the papers by the close of the next court day following the day the papers
7  are filed electronically.  **These printed copies shall be marked "Chambers Copy" and shall be**
8  **submitted directly to Magistrate Judge Spero's chambers in an envelope clearly marked with**
9  **the judge's name, case number and "E-Filing Chambers Copy."  Parties shall not file a paper**
10 **copy of any document with the Clerk's Office that has already been filed electronically.**

12       7.     Any proposed stipulation or proposed order in a case subject to electronic filing shall
13 be sent by email to **jcspo@cand.uscourts.gov.**  This address is to be used only for proposed orders
14 unless otherwise directed by the Court.
15     IT IS SO ORDERED.

17 Dated: February 26, 2003

18                                            /s/ Joseph C. Spero
                                            JOSEPH C. SPERO
19                                            United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.